# GORLICK, KRAVITZ & LISTHAUS, P.C.

ATTORNEYS AT LAW

17 STATE STREET, 4TH FLOOR
NEW YORK, NEW YORK 10004-1501



(212) 269-2500
FAX (212) 269-2540
WWW.GKLLAW.COM

BUFFALO OFFICE:
442 POTOMAC AVENUE
BUFFALO, NY 14213
(716) 881-0800
FAX (716) 881-0810

LAWRENCE A. KRAVITZ (1972-2002)
BRUCE L. LISTHAUS
BARBARA S. MEHLSACK*

*NY BAR ONLY

NEW JERSEY OFFICE:
60 PARK PLACE, 6TH FLOOR
NEWARK, NJ 07102
(973) 824-5811

OF COUNSEL
ANDREW A. GORLICK*

May 12, 2016

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: 5/20/2016

VIA ECF ONLY
Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *Mason Tenders District Council, et al v. Phase, et al,*
14 Cv. 6016 (ER)

Dear Judge Ramos:

We write in connection with our upcoming motion to amend the Complaint to add Salvatore LaBarca as a Defendant, to request permission to add the corporate entity "Phase NY" as an additional named Defendant. The reason for the request is that Defendants have refused to concede that Phase NY is covered by the Complaint, and will not respond to discovery concerning Phase NY, notwithstanding that the documents Defendants recently provided demonstrate that Phase NY and Phase Construction Services, Inc. ("Phase Construction") are treated by the owner as one and the same entity. We are therefore constrained to make this motion, notwithstanding that Defendants offer no sound reason for their position.

Plaintiffs respectfully request that the Court grant them leave to move to amend without a pre-motion conference. A conference is not necessary, as the issue of Phase NY's liability was raised by Plaintiffs at our most recent status conference of April 14, 2016. Your Honor will recall that at the conference we advised the Court that we had just learned of the existence of Phase NY as a newly created corporate entity from the deposition testimony of Patricia Dima, Salvatore LaBarca's accountant, on March 31, 2016. (Transcript p. 7, L. 2-3). In response to Your Honor's query, we stated that we considered Phase NY to be virtually automatically covered by the Complaint and voiced our concern that Defendants had transferred Phase Construction employees to the payroll of the new entity, as we had received no recent payroll records from Defendants. (*Id.* at p. 7, L. 6-15). Defendants' counsel expressed no views on the subject, other than to assert his "belief," later in the conference, that Phase Construction was out of business and only Defendant SL remained. (*Id.* at p. 16, L. 9-11). Counsel's statement provides additional support for the amendment, reinforcing our concerns that Phase NY has simply replaced Phase Construction.

The deadline originally fixed by the Court for amendment of the Complaint was January 10,

GORLICK, KRAVITZ & LISTHAUS, P.C.

Hon. Edgardo Ramos, U.S.D.J.
U.S. District Court, S.D.N.Y.
May 12, 2016
Page 2

2015. Pursuant to Fed. R. Civ. P. §16(b)(4), the schedule may be modified only for good cause with the Court's consent. Under the well established test in this Circuit, a motion to amend made outside the scheduling order should be granted, if good cause is shown, and (1) the amendment would not be futile; and (2) it will not prejudice the opposing parties. *Paradigm Biodevices, Inc. v. Centinel Spine, Inc.*, 2013 U.S. Dist. LEXIS 62602, *3 (S.D.N.Y. May 1, 2013). We have set forth below the reasons why it is clear beyond peradventure that Plaintiffs have met the test.

### 1. Plaintiffs meet the good cause standard, as they have acted with due diligence.

"Good cause is demonstrated by a showing that despite [the movant] having exercised diligence, the applicable deadline could not have been reasonably met." *Soroof Trading Dev. Co. v. Ge Microgen, Inc.*, 283 F.R.D. 142, 147 (S.D.N.Y. 2012).

The facts demonstrate that Plaintiffs have exercised due diligence and there was no way that the applicable deadline could have been reasonably met, as Phase NY's existence as a corporate entity was not known until March 31, 2016, when Ms. Dima was deposed. Plaintiffs needed to depose Ms. Dima because, at his deposition in October 2015, Mr. LaBarca had testified that any documents concerning the Defendants from 2014 forward would be found either in the accountant's possession or at his office on 39th Street. Theretofore, it had been represented by Defendants that all documents concerning the Defendants were located only in the Defendants' rented warehouse, even though Plaintiffs have found no such documents from 2014 forward at the warehouse. Ms. Dima's deposition was delayed because of Defendants' objections to the production of the companies' tax returns, which the Court found without merit, and because of scheduling difficulties.

After Ms. Dima's deposition, Plaintiffs did research on the Secretary of State's website and discovered that Phase NY was incorporated in November 2015. Prior to then the only reference to Phase NY was in a few pages of documents received from Defendants. The documents are applications/confirmations to a customer, concerning payments made or to be made, signed by Phase Construction and/or Phase NY, which reference Phase NY project numbers. (See Exhibit A annexed "Applications and Certificates/Confirmations for Payment"). The documents were not produced until March 7, 2016 and it was not until Ms. Dima's testimony that Plaintiffs had reason to believe that their reference to Phase NY concerned a distinct corporate entity with potential alter ego liability.

Plaintiffs notified the Court of their discovery at the next scheduled status conference after Ms. Dima's deposition. The next day, April 15, 2016, Plaintiffs notified Defendants in writing that because Plaintiffs considered the Complaint to automatically cover Phase NY, their document requests of December 28, 2015, should also be considered to cover Phase NY. Defendants disputed Phase NY's coverage and refused to produce documents concerning Phase NY, without reason. Plaintiffs' request to amend the Complaint barely 6 weeks after Ms. Dima's

GORLICK, KRAVITZ & LISTHAUS, P.C.

Hon. Edgardo Ramos, U.S.D.J.
U.S. District Court, S.D.N.Y.
May 12, 2016
Page 3

deposition is well within the time frames that judges of this District have held satisfy the due diligence prong of "good cause." *See, e.g., Paradigm Biodevices*, 2013 U.S. Dist. LEXIS 62602 at *11-12 (plaintiff acted diligently in moving to amend one month after learning relevant facts); *SEC v. DCI Telecommunications, Inc.*, 207 F.R.D. 32, 34-35 (S.D.N.Y. 2002) (allowing plaintiff to amend four months after learning relevant facts).

### 2. Plaintiffs meet the remaining requirements, as the amendment is neither futile nor prejudicial.

Plaintiffs must demonstrate that the proposed amendment would not be futile. *Soroof*, 283 F.R.D. at 147. A proposed amendment is futile if it would not survive a motion to dismiss. *Id.* Plaintiffs must therefore be able to plead facts sufficient to state a plausible alter ego or single employer claim against Phase NY and Phase Construction. There is no question that Plaintiffs have sufficient facts. Defendants have claimed that Phase Construction is "out of business" and have produced no payroll or other records for Phase Construction for 2014 going forward other than the Exhibit A attached hereto. Exhibit A consists of applications/confirmations for payment from Phase Construction and Phase NY to an affiliate of a longtime customer of both Phase Construction and SL Construction Group. The applications/confirmations concern work covered by the Mason Tenders District Council Collective Bargaining Agreement, refer to Phase NY project numbers and name the customer as an affiliate of Hersha Group. Phase Construction lists Hersha as a major customer on its Web Site. (See Exhibit B). The Second Circuit recognizes the sharing of customers by related entities as an indicator of alter ego status. *See, e.g., Lihli Fashions Corp. v. NLRB*, 80 F.3d 743, 748 (2d Cir. 1996).

The fact that covered work is being done by - and hidden under - Phase Construction's new alter ego constitutes an ongoing injury to Plaintiffs. Such attempts to "evade union obligations through technical changes in operations" are highly indicative of alter ego status. *Id.* This evidence demonstrates that Plaintiffs will be able to plead sufficient facts for the alter ego claim against Phase NY to survive a motion to dismiss.

Finally, Plaintiffs must show that amending the Complaint would not cause prejudice to Defendants. *Soroof*, 283 F.R.D. at 147. This prong is satisfied where, as here, the amendment is merely adding a party and not a "new theory of recovery", so neither significant delay nor expense are likely to result. *Id.* at 153; *see also, e.g., Bridgeport Music, Inc. v. Universal Music Group, Inc.*, 248 F.R.D. 408, 415 (S.D.N.Y. 2008). Also, as Phase NY has not been around long, additional document production is unlikely to be burdensome.

Plaintiffs respectfully submit that they have demonstrated and that they satisfy all prongs of the test for amendment of the Complaint, and the Court should forthwith grant them permission to move to amend, so they may file a comprehensive motion on May 27, 2016, the current deadline for their motion to amend.

GORLICK, KRAVITZ & LISTHAUS, P.C.

Hon. Edgardo Ramos, U.S.D.J.
U.S. District Court, S.D.N.Y.
May 12, 2016
Page 4

> Very truly yours,
>
> GORLICK, KRAVITZ
> & LISTHAUS, P.C.
>
> /s/ Barbara S. Mehlsack
> Barbara S. Mehlsack

The application is ✓ granted
___ denied

_[signature]_
Edgardo Ramos, U.S.D.J
Dated: 5/20/2016
New York, New York

Plaintiffs may include their application to add Phase NY as a defendant within their motion to amend the complaint due on May 27, 2016.