UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------------X

MASON TENDERS DISTRICT COUNCIL OF　　　　:
GREATER NEW YORK, MASON TENDERS　　　　　:
DISTRICT COUNCIL WELFARE FUND, PENSION　:
FUND, ANNUITY FUND, TRAINING FUND, HEALTH :
AND SAFETY FUND, and JOHN J. VIRGA, as　　:　　　14-cv-6016 (ER)
FUNDS' DIRECTOR,　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Plaintiffs,　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
PHASE CONSTRUCTION SERVICES, INC.,　　　　:
SL CONSTRUCTION GROUP, INC., PHASE NY, INC., :
and SALVATORE LABARCA,　　　　　　　　　　:
　　　　　　　　　　Defendants.　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:

----------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND COMPLAINT

Dated: New York, New York
　　　　May 27, 2016

GORLICK, KRAVITZ
& LISTHAUS, P.C.
Barbara S. Mehlsack
Clark A. Binkley
17 State Street, 4th Floor
New York, New York 10004
bmehlsack@gkllaw.com
Tel. (212) 269-2500
Fax (212) 269-2540
*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES................................................................................. iii

I.  PRELIMINARY STATEMENT........................................................................1

II. STATEMENT OF FACTS .............................................................................4

    A. Background to Plaintiffs' Request for Permission to Amend the
       Complaint to Pierce the Corporate Veil and Add Salvatore La Barca
       as a Defendant ...................................................................................4

    B. Background to Plaintiffs' Request for Permission to Amend the
       Complaint to Add Phase NY as Defendant. ..............................................5

    C. The Nature and Scope of Plaintiffs' Amendment. .....................................6

III. ARGUMENT.............................................................................................7

    A. The Federal Rules of Civil Procedure Commit the Determination to

       Grant or Deny the Amendment to the Sound Discretion of the Court

       Under the Liberal Standards of Rule 15 ....................................................7

       1. Plaintiffs must first satisfy the standard of Fed. Rule Civ. P. 16(b)

       (4) ..................................................................................................7

       2. Plaintiffs must satisfy the applicable requirements of Fed. Rules

       Civ. P.15, 20 and 21 .........................................................................7

          a. Fed. Rules Civ. P. 15(a), (d), 20(a)(2) and 21. ............................7

          b. Relation back under Rule 15 (c)..................................................9

    B. The Court Should Exercise its Discretion to Allow the Amendments
       as Plaintiffs Have Satisfied the Standards of the Applicable Rules
       and Defendants Cannot Advance Any Justification Under the Rules
       for the Court to Deny the Amendments. ..................................................11

       1. Plaintiffs have clearly satisfied the good cause standard of Rule

       16(b)(4) with respect to both amendments...............................................11

       2. Plaintiffs' amendments meet the liberal standards of Rule 15(a)

       and Defendants cannot demonstrate undue delay, dilatory motive,

       undue prejudice to them or futility. ........................................................13

a. Defendants cannot demonstrate undue delay or dilatory motive ...........................................................................................13

b. Defendants cannot demonstrate undue prejudice or futility........14

c. Plaintiffs meet the standards for joinder......................................18

d. The La Barca amendments relate back to the date of the original complaint ..........................................................................19

IV. CONCLUSION.......................................................................................20

## TABLE OF AUTHORITIES

**Federal Cases**

*Almazo v M.A. Angeliades, Inc.*, No. 11 CV 1717 (MGC), 2015 U.S. Dist.
LEXIS 152698 (S.D.N.Y. Nov. 10, 2015) ............................................................... 8, 10, 18, 19, 20

*Amaya v. Roadhouse Brick Oven Pizza, Inc.,* 285 F.R.D. 251(E.D.N.Y. 2012) ......................... 16

*Ashcroft v Iqbal*, 556 US 662 (2009) ........................................................ 16

*Bell Atl. Corp. v Twombly*, 550 US 544 (2007) ........................................................ 16

*Block v First Blood Assocs.*, 988 F.2d 344 (2d Cir 1993) ........................................... 14

*Chen v. Good Chows Inc.,* No.14 civ. 5960, 2016 U.S. Dist. LEXIS 61691*2
(S.D.N.Y. 2016) ........................................................................................... 9, 18

*Cummings-Fowler v Suffolk County Cmty. Coll.*, 282 F.R.D. 292 (E.D.N.Y. 2012) ................... 9

*Dluhos v. Floating & 7 Abandoned Vessel,* 162 F.3d 63 (2d. Cir 1998) ...................................... 8

*Foman v Davis*, 371 US 178, 9 L Ed 2d 222 (1962) ........................................................ 8

*Goldberg v Colonial Metal Spinning & Stamping Co.*, No. 92 Civ. 3721 (JFK),
1993 U.S. Dist. LEXIS 12732 (S.D.N.Y. Sept. 2, 1993) ............................................... 16

*Krupski v. Costa Crociere S.P.A*, 560 U.S. 538 (2010)........................................... 10, 20

*McCarthy v Dun & Bradstreet Corp.*, 482 F.3d 184 (2d Cir 2007) ............................................... 8

*On Track Innovations LTD. v T-Mobile USA, Inc.*, No. 12 Civ. 2224 (AJN) (JCF),
2014 U.S. Dist. LEXIS 12960 (S.D.N.Y. Jan. 31, 2014) .................................................. 8, 14, 16

*Michalow v. E. Coast Restoration & Consulting Corp.* 2012 U.S. Dist.
LEXIS 185362,*19-20 (E.D.N.Y. 2012)* ....................................................... 10,11,19,20

*Paradigm Biodevices, Inc. v. Centinal Spine, Inc.* 11 civ. 3489, 2013
U.S. Dist. LEXIS 62609 (S.D.N.Y. 2013) ................................................. 12,13,14,16

*Pasternack v. Lab. Corp. of Am.,* 891 F. Supp. 2d 540 (S.D.N.Y 2012)........................................ 9

*Romita v Anchor Tank Lines, L.L.C.*, No. 11 Civ. 9641 (DAB), 2014
U.S. Dist. LEXIS 37621 (S.D.N.Y. Mar. 17, 2014) .................................................. 18

*Sokol Holdings, Inc. v BMB Munai, Inc.*, No. 05 Civ. 3749 (KMW) (DF),
2009 U.S. Dist. LEXIS 72659 (S.D.N.Y. Aug. 14, 2009) .......................................... 7

*Soroof Trading Dev. Co. v. Ge Microgen, Inc.,* 283 F.R.D. 141 (S.D.N.Y. 2012) .................... 7,9

*Trs. of the Natl. Ret. Fund v Wildwood Corp.*, No. 11 Civ. 6287 (NSR) (LMS),
2013 U.S. Dist. LEXIS 187676 (S.D.N.Y. Dec. 17, 2013) .......................................... 10

*Wm. Passalacqua Builders v. Resnick Developers*, 933 F.2d 131 (2d. Cir. 1990) ..................... 17

**Statutes**

ERISA §502(a) ........................................................................................................ 9

ERISA §515 ........................................................................................................... 9

Labor Management Relations Act §301 ................................................................. 9

**Other**

Fed.R.Civ.P 15 .............................................................................................. 7,9,20

Fed.R.Civ.P 21 ................................................................................................8,18

Fed.R.Civ.P 15(a) ................................................................................ 3,7,8,9,13,18

Fed.R.Civ.P 15(c) ...........................................................................................9,10,20

Fed.R.Civ.P 15(d) .............................................................................................8,9,20

Fed.R.Civ.P 15 (a) (2) ...........................................................................................1

Fed.R.Civ.P 15 (c) (1) ...........................................................................................1

Fed.R.Civ.P 16 (b) (4) .........................................................................................20

Fed.R.Civ.P 20 (a) (2) .........................................................................................18

Fed.R.Civ.P 15 (a) (c) .........................................................................................20

Fed.R.Civ.P 15 (c) (1) (C) ...............................................................................10,19

Fed.R.Civ.P 15 (c) (1) (B) .................................................................................10

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND COMPLAINT

### I

### PRELIMINARY STATEMENT

Plaintiffs, Mason Tenders District Council ("Union"), Mason Tenders District Council Benefit Funds (collectively "Funds"), and Funds Director John Virga as a Funds' fiduciary, by their undersigned counsel, submit this Memorandum of Law in support of their motion to amend the Complaint by adding Salvatore La Barca and Phase NY, Inc. as Defendants.  The Motion is brought pursuant to Federal Rules of Civil Procedure 15, 16(b)(4), 20(a)(2) and 21.  See Fed. R. Civ. P. 15(a) (2), 16(b)(4), 20(a)(2) and 21.  Under Fed. R. Civ. P. 15(c)(1), the amendments relate back to the date of the original Complaint.

This is an action originally commenced against SL Construction, Inc. ("SL Construction" or "SL") and Phase Construction, Inc. ("Phase Construction") by Plaintiff Funds, their Director in his fiduciary capacity, and the Union, to collect delinquent contributions in the amount of $480,438.48, unremitted dues of $17,773.20 and political action committee (PAC) deductions of $1,974.80, totaling $500,185.88, based on an audit of Phase Construction for the period January 1, 2008 to December 29, 2013, and to compel audits of both corporate defendants from December 30, 2013 to the present.  The claims were grounded on SL Construction's execution of a collective bargaining agreement with the Union in 2005 ("Union Agreement") and: a) Phase Construction's execution, together with SL, of an agreement in 2013 acknowledging that Phase Construction and SL Construction are a single employer, are both bound by the Union Agreement and are jointly and severally liable for each other's debts ("Supplemental Agreement"); and b) the integrated nature of the two companies' operations and finances, which made them one single enterprise, each liable as the alter ego of or single employer with the other as a matter of law.

1

In the course of discovery, Plaintiffs learned that, since at least 2008, proposed Defendant Salvatore La Barca ("La Barca"), the sole owner of the defendant corporations, used the companies to conduct his own and not the corporations' business, taking out of the companies hundreds of thousands of dollars in personal loans annually, directly paying his and his family's personal expenses, deciding which creditors to pay and in what order, and so dominating the companies' operations and finances and disregarding their separate identities as to make him their alter ego.

Discovery also revealed that, commencing prior to 2008, La Barca managed SL and Phase Construction so that they had no semblance of corporate independence and continuously engaged in non-arms-length transactions. Plaintiffs also learned through discovery that, in the midst of this lawsuit, La Barca created a new corporation, Phase NY, Inc. ("Phase NY"), which he established in November 2015 and has treated as interchangeable with Phase Construction or as a successor to SL and Phase Construction. With scant exceptions, Defendants have failed to provide operational, financial or payroll documents for Phase Construction or SL for January 1, 2014 forward, claiming the companies are out of business, or that no such documents exist, and have also refused to provide any documents whatsoever concerning Phase NY, while tax and other documents disclose that La Barca continues to carry on his construction business doing work covered by the Union Agreement CBA and earning revenues through one or more of the corporate entities.

For the foregoing reasons Plaintiffs seek to amend the complaint to: a) hold Phase NY jointly and severally liable with SL and Phase Construction, for the delinquent contributions, unremitted dues and PAC monies previously found by the audit; b) hold all three companies bound by the Union Agreement; c) compel all three companies to submit to audits for the period December 30, 2013 to the present and hold them jointly and severally liable for any monies due;

d)hold Salvatore La Barca jointly and severally liable with his companies for all their delinquencies; e) enjoin the companies from making any more personal loans to or paying personal expenditures for La Barca and his family until the contribution, dues and PAC obligations due to Plaintiffs and their attorneys fees and costs are paid; f) compel La Barca to: i) cooperate in an audit of all three entities; and ii) provide an accounting to Plaintiffs of his use of corporate funds for his personal purposes, including to purchase and maintain real and personal property on his own or his family's behalf; g) enjoin La Barca from disposing of any personal assets purchased or maintained with corporate funds; h) create a constructive trust in the proceeds from La Barca's disposition of any personal assets purchased or maintained with corporate funds; and i) hold La Barca and his companies jointly and severally liable for Plaintiffs' attorneys fees and costs.

Plaintiffs' motion should be granted, notwithstanding that the Court's scheduling order required that the pleadings be amended by January 10, 2015, as they have already made a record before this Court that they meet the good cause requirement of Fed. R. Civ. P. 16(b)(4), having acted with due diligence to seek permission to amend soon after the last relevant depositions of La Barca's bookkeeper/sister, Patricia La Barca, and Patricia Dima, La Barca's accountant, in March of this year. Plaintiffs also must meet the requirements of Fed. R. Civ. P. 15(a) and (d) and, as they seek to add parties, of Rules 20(a )(2) and 21. As we set forth in more detail below, there is no doubt that Plaintiffs' amendments meet the liberal standards of Rule 15(a), which also guides the Court in applying Rules 20 and 21. The Rules call for the Court to grant the motion absent a good reason, meaning absent undue delay, bad faith or dilatory motive, prejudice or futility. Defendants bear the burden of establishing that there is such good reason to deny the motion; under the facts and circumstances of this case, Defendants simply cannot meet their burden.

## II

## STATEMENT OF FACTS

**A. Background to Plaintiffs' Request for Permission to Amend the Complaint to Pierce the Corporate Veil and Add Salvatore La Barca as a Defendant.**

Plaintiffs first raised the issue of piercing the corporate veil to reach Salvatore La Barca at the status conference of December 9, 2015.  We informed the Court and Defendants' attorney that we had evidence that raised questions about La Barca's use of corporate funds.    The evidence was in the form of documents previously provided by Defendants in May 2015 and La Barca's testimony at his deposition in October 2015 that he borrowed money from his corporations whenever he needed it but only his accountant, Patricia Dima ("Dima"), knew if  he paid it back. The documents previously provided by Defendants included records demonstrating that La Barca routinely took money out of the corporation for his personal account, either drawing on corporate bank accounts or paying personal bills with his corporate credit card.   Sometimes the distributions were tagged as "officers loan" often they had no label.

Plaintiffs subpoenaed documents from Dima and Defendants sought to block production of the corporations' tax returns after Dima represented that she had no documents other than tax returns.   The Court denied Defendants' objections and in March, 2016, Plaintiffs received corporate Defendants' returns covering 2008 to 2013.   The returns reveal that throughout the period of time covered by Plaintiffs' audit of Defendant Phase Construction, La Barca was receiving hundreds of thousands of dollars of loans for personal purposes from his corporations, for which there were no loan agreements, no interest charged and no records of La Barca paying back the loans.  (See Doc. No. 46, dated February 8, 2016, detailing the Plaintiffs need for the tax returns.)

Plaintiffs deposed Dima on March 31. 2016.  Contrary to La Barca's testimony, Dima was not able to tell Plaintiffs whether La Barca paid back his loans.

**B. Background to Plaintiffs' Request for Permission to Amend the Complaint to Add Phase NY as Defendant.**

On May 12, 2016, Plaintiffs wrote to the Court seeking permission to amend the Complaint to add Phase NY as a Defendant.  (Doc. No. 59).  As the letter recites, Plaintiffs first became aware of the existence of Phase NY from documents that Plaintiffs received on March 7, 2016 that refer to both Phase NY and Phase Construction.  However, the first notice that Plaintiffs had that Phase NY is a separately incorporated entity from Phase Construction and SL was at Ms. Dima's deposition on March 31, 2016, when she testified that she believed that La Barca had formed Phase NY some time in 2015.  Plaintiffs confirmed the formation of Phase NY as a separate corporation in November of 2015 on the Secretary of State's website and informed the Court at the status conference on April 14, 2016 that they considered Phase NY to be covered by the Union Agreement.  By letter dated April 15, 2016, Plaintiffs demanded that Defendants consider the Complaint and their previous document requests, which sought specifically corporate records for 2014-2016, as covering Phase NY.  Defendants refused to do so and on April 26 informed Plaintiffs that they would not be providing any additional documents, claiming that no SL or Phase records existed for 2014 to 2016.  Defendants' representations do not square with sales tax returns that their accountant Dima provided, which evidence that SL and Phase Construction were active companies in 2014 and 2015.  As the Court is aware, Defendants' counsel has represented that SL Construction and/or Phase Construction are no longer active.

In light of these facts and the obligations of Plan fiduciaries to protect the benefits of plan participants and beneficiaries, Plaintiffs determined to amend the Complaint to name La Barca and Phase NY as defendants, and seek appropriate relief against them to prevent the continued

dissipation of the assets of the corporation or their transfer to a new corporate entity beyond Plaintiffs' reach.

## C. The Nature and Scope of Plaintiffs' Amendment.

The current complaint against Defendants Phase Construction and SL Construction allege contractual and alter ego type claims against both Defendants.  The Complaint seeks to compel the existing Defendants to pay some $500,000 in contributions, dues deductions and PAC deductions that the Funds' auditors  determined is due for the period January 14, 2008 to December 29, 2013, and to compel the Defendants to submit to an audit from December 30, 2013 to the present.

To support the addition of La Barca and Phase NY as new defendants, Plaintiffs amend the Complaint to add the allegations that tend to show: 1) the absence of arms-length dealing between Defendant Corporations Phase Construction and SL Construction and the failure to observe corporate distinctions (Amended Complaint ¶¶28-62); and 2) La Barca's complete domination of both corporate entities for his personal purposes (Complaint  ¶¶ 63-87).  The history of corporate intermingling supports the addition of Phase NY as a Defendant as Phase NY becomes yet another vehicle for the defendants to manipulate assets to avoid their ERISA obligations.  La Barca's persistent siphoning of corporate assets for his personal use is sufficient to support Plaintiffs veil piercing claims against him.

Plaintiffs add new causes of action to assert joint and several liability against the existing corporate defendants together with Phase NY and La Barca for all obligations of each of the corporate defendants.  (Amended Complaint ¶¶97-¶¶221). Plaintiffs also seek new remedies in the form of: a)an injunction against any further corporate distributions to La Barca for personal expenditures, until all obligations to Plaintiffs are satisfied (Amended Complaint ¶¶ 257-260); b) an accounting from La Barca for the corporate funds he spent for personal purposes from 2008 to

2013 (Amended Complaint¶¶261-214); c) an injunction against La Barca disposing of personal assets that he purchased with corporate funds from 2008-2013 ( Amended Complaint ¶¶265-267); and c) imposition of a constructive trust on the proceeds La Barca receives from the disposition of personal assets he purchased with corporate funds he received from 2008 through 2013.

III

ARGUMENT

**A. The Federal Rules of Civil Procedure Commit the Determination to Grant or Deny the Amendment to the Sound Discretion of the Court Under the Liberal Standards of Rule 15.**

**1.  Plaintiffs must first satisfy the standard of Fed. R. Civ. P. 16(b)(4)**

Fed. R. Civ. P. 16(b) (4) applies to a Motion to Amend that is outside the Scheduling Order. The Rule provides that the Schedule may be modified only for good cause with the Court's consent. "Good cause is demonstrated by a showing that despite [the movant] having exercised diligence, the applicable deadline could not have been reasonably met." *Soroof Trading Dev. Co. v. Ge Microgen, Inc.*, 283 F.R.D. 141, 147 (S.D.N.Y. 2012); *Sokol Holdings Inc. v. BMD Nunai, Inc.*, No. 05 Civ. 3749, 2009 U.S. Dist. LEXIS 72659, at *7 (S.D.N.Y. 2009) (internal citations omitted).

As we discuss below, with respect to both amendments, the facts demonstrate that Plaintiffs have exercised due diligence and the applicable deadline could not have been met. While prejudice to the non-moving party may be a consideration under the Rule, we address it in our discussion of Fed. R. Civ. P. 15 below.

**2.  Plaintiffs must satisfy the applicable requirements of Fed. R. Civ. P. 15, 20 and 21.**

**a.  Fed. R. Civ. P. 15(a), (d), 20(a)(2) and 21.**

Motions to amend pleadings are governed by Fed. R. Civ. P. 15, which provides that the Court should grant leave to amend "freely when justice so requires." Fed. R. Civ. P. 15 (a) (2). Motions to amend are ultimately within the broad discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222 (1962); *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d. Cir. 2007).  Absent undue delay, bad faith or dilatory motive, undue prejudice to the non-moving party, or futility, amendments should be granted. *Dluhos v. Floating & Abandoned Vessel,* 162 F.3d 63, 69 (2d. Cir. 1998) (citing *Foman*, 371 U.S. 178).

In the instant case, one of Plaintiffs' amendments, adding Phase NY as a defendant, is based on events occurring after the filing of the initial pleading and hence is a supplemental pleading under Fed. R. Civ. P. 15(d), which provides that the court may "on just terms" permit a party to serve a supplemental pleading setting forth transactions, occurrences and events occurring after the date of the pleading being supplemented.  The same liberal standard of Rule 15(a) applies when a party seeks to supplement a pleading under Fed. Rule Civ. P. 15(d). *On Track Innovations Ltd. v. T-Mobile USA, Inc.,* No. 12 Civ. 2224, 2014 U.S. Dist. LEXIS 12960, at *2 (S.D.NY. 2014) (internal citations omitted).

Amendments to add parties are further subject to Federal Rules 20 and 21.  Under Rule 20, a party may be joined as a defendant if the claim against it "arises out of the same transaction, occurrence or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  Under Rule 21, the court may at any time, "on just terms" add or drop a party. Fed. R. Civ. P. 21.  Neither rule creates an additional barrier to Plaintiffs' amendments as "joinder is decided under the 'same standard of liberality afforded motions to amend.'" *Almazo et al v. M.A. Angeliades, Inc. et al*, No. 11 Civ. 1717, 2015 U.S. Dist. LEXIS 152698, at *12 (S.D.N.Y. 2015) (citing *Sly Magazine, LLC v. Weider Publ'ns*

*LLC*, 241 F.R.D. 527, 532 (S.D.N.Y. 2007)). *See also Chen v. Good Chows Inc.*, No. 14 civ. 5960, 2016 U.S. Dist. LEXIS 61691, at *2 (S.D.N.Y. 2016) (internal citations omitted); *Soroof,* 283 F.R.D. at 146. *Martin and Singleton et al v. Sprint*, No. 15 Civ. 5237, 2016 U.S. Dist. LEXIS 63192, at *5 (S.D.N.Y. 2016) (internal citations omitted).

Under the Rule 15 standard, the party opposing the amendment has the burden of establishing a justification for denying the motion. *See, e.g., Pasternack v. Lab. Corp. of Am.*, 891 F. Supp. 2d 540, 550 (S.D.N.Y 2012) (burden on opposing party to show it would suffer undue prejudice) (internal citations omitted). *Cummings-Fowler v. Suffolk Community College*, 282 F.R.D. 292, 296 (E.D.N.Y.2012) (burden on opposing party to show amendment would be futile) (internal citations omitted).

As we demonstrate below, under the circumstances of this case, Plaintiffs meet the Rule 20(a) (2) joinder rule and Defendants can establish none of the justifications that would be grounds for denying Plaintiffs' motion under the Rule 15 standard.

### b.  Relation back under Rule 15(c)

Plaintiffs seek to collect monies owed to them by Defendant corporations since 2008.  The statute of limitations for collection of delinquent contributions under ERISA §§502(a) and 515 and for breach of a collective bargaining agreement under Labor Management Relations Act §301 is New York State's six year limitations period for breach of contract.  For an amended pleading to relate back it must meet the requirements of Fed. R. Civ. P. 15(c).  Rule 15(c) applies to an amendment to a pleading under Rule 15(a), not to a Supplemental Pleading under Rule 15(d). Plaintiffs' amendment to add Phase NY is based on the creation of Phase NY in November 2015, long after the original pleading was filed.  It is therefore a Supplemental Pleading under Rule 15(d).  As a result the relation back requirements of Rule 15(c) are not an impediment to holding

Phase NY liable as a successor to or continuing enterprise with SL and Phase Construction. Assuming *arguendo* the relation back requirements of Rule 15(c) apply to the amendment to add La Barca, Rule 15(c)(1)(C) applies, pursuant to which a claim against a new party will relate back if: a) as required under Rule 15(c)(1)(B), the claim arose out of the conduct, transaction or occurrence set out, or attempted to be set out, in the original pleading; and b) within the time for serving the original pleading, (i) the new party received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) the new party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

In parsing Rule 15(c)(1)(C)(ii), the Supreme Court has held that "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or timeliness in seeking to amend the pleading." *Trustees of the Nat'l Retirement Fund v. Wildwood Corp.*, No. 11 Civ. 6287, 2013 U.S. Dist. LEXIS 187676, at *10 (S.D.N.Y. 2013) (citing *Krupski v. Costa Crociere S.p.A*, 560 U.S. 538 (2010)). With respect to the element of mistake, the Supreme Court has made it clear that knowledge of a party's existence is not to be conflated with the absence of mistake. *Id*. Post *Krupski*, courts have held that the element of mistake in Rule 15(c) is satisfied where the plaintiff lacks knowledge regarding the conduct or liability of the newly added party even if the plaintiff was aware of the party's existence. *Nat'l Ret. Fund*, 2013 U.S. Dist. LEXIS 187676 at *21. See also *Almazo v. Angeliades,* 2015 U.S. Dist. LEXIS 152698 at *15 (citing *Michalow v.  E. Coast Restoration & Consulting Corp.*, 2012 U.S. Dist. LEXIS 185362, at *19-20 (E.D.N.Y. 2012)). Furthermore, in determining whether the mistaken identity requirement is satisfied, the courts have required that there be an identity of interest between the original defendant and the prospective defendant, which "generally

means that the parties are so closely related in their business operations or other activities that the

institution of an action against one serves to provide notice of the litigation to the other." *Michalow*

2012 U.S. Dist. LEXIS 185362 at *13 (citing, *inter alia*, Wright, Miller & Kane, Fed. Prac. &

Proc. Civ. §1499 3d ed.).

     As we set forth below, Plaintiffs satisfy the relation back standard of the Rule.


  **B.  The Court Should Exercise its Discretion to Allow the Amendments as Plaintiffs Have
      Satisfied the Standards of the Applicable Rules and Defendants Cannot Advance Any
      Justification Under the Rules for the Court to Deny the Amendments**.

  **1.  Plaintiffs have clearly satisfied the good cause standard of Rule 16(b)(4) with respect
      to both amendments.**

     Plaintiffs have clearly satisfied the due diligence requirement of Fed. R. Civ. P. 16(b)(4)

with respect to both amendments and could not have met the applicable deadline of January 10,

2015.  Plaintiffs' amendment adding La Barca as a Defendant states a claim for piercing the

corporate veil based on evidence that La Barca conducts his companies' business for his own

account, taking substantial sums of money out of the companies for personal purposes, completely

dominates the corporations' business, and observes no corporate formalities in his relationship to

the companies or in their relationship with each other.  (Proposed Amended Complaint, ¶¶ 63 to

87).  As the facts set forth above demonstrate, Plaintiffs did not have sufficient evidence to state a

claim for piercing the corporate veil against La Barca until they received subpoenaed tax returns

from La Barca's accountant Patricia Dima in February and March of 2016, and concluded the

depositions of Dima (on March 31, 2016), and of La Barca's sister, Patricia La Barca, the SL and

Phase Construction former "bookkeeper/comptroller"( on March 11, 2016).   The tax returns

together with Dima and Patricia La Barca's testimony established that La Barca took hundreds of

thousands of dollars from his companies, in the form of so called "loans," direct payments on

corporate credit cards or checks written on corporate bank accounts, that La Barca determined whether to call the expenditures loans, decided what creditors to pay and in what order, had no loan agreements, paid no interest and had no business records that demonstrated if, how and when he paid back the so-called loans.

Plaintiffs advised the Court on April 14, 2016, only two weeks after concluding Dima's deposition that they were about to file a pre-motion conference letter seeking permission to amend the Complaint to add Salvatore La Barca. The Court dispensed with the need for a pre-motion conference and gave Plaintiffs permission to file this motion. There can be no question of Plaintiffs' due diligence and of the fact that Plaintiffs could not have reasonably met the applicable deadline of January 10, 2016.

As for Plaintiffs' Supplemental Amendment to add Phase NY, Plaintiffs' letter to the Court of May 12, 2016, seeking permission to make the amendment establishes that they have met the good cause requirement as it demonstrates that Plaintiffs did not know about Phase NY's existence as a separately incorporated entity until Dima's deposition of March 31, 2016.

It is clear under *Paradigm Biodevices, Inc. v. Centinal Spine, Inc.* No. 11 civ. 3489, 2013 U.S. Dist. LEXIS 62602 (S.D.N.Y. 2013), cited by Plaintiffs in their pre-motion letter of May 12, 2016, that the timeline in this case meets the good cause requirement of Rule 16(b)(4). In *Paradigm*, the moving party relied for their amendment on evidence received in January and February of 2013, notified the Defendants and the Court on January 30 and February 1, 2013, respectively, that they might move to amend and then moved for leave to do so 45 days later, on March 15, 2013, about a month after the final deposition on which they were relying. *Id.* at *9. In this case, Plaintiffs notified the Court at the April 14, 2016 status conference of their intention to move for permission to amend to add La Barca, two weeks after the final deposition on which their

veil piercing allegations against La Barca rely.   Similarly, the potential need to amend the Complaint to add Phase NY did not arise until Dima's deposition, at which Plaintiffs first learned that Phase NY was a entity separately incorporated from Phase Construction.  As Plaintiffs' pre-motion letter of May 12, 2016 recites, when Plaintiffs made reference to Phase NY at the April 14, 2016 status conference, Defendants' counsel made no response, and the next day, Plaintiffs formally advised Defendants that they considered the Complaint to automatically cover Phase NY and demanded that Defendants produce documents concerning Phase NY or Plaintiffs would formally move to amend the Complaint.  Defendants dismissed Plaintiffs' request in a two line email.  On April 26, 2016, Defendants advised Plaintiffs that they refused to produce any additional documents.[1]  Plaintiffs' May 12, 2016 pre-motion letter to the Court, filed 42 days after Dima's deposition, is clearly close enough to the 30-day time line of *Paradigm* to come within the ruling of that case.

**2.   Plaintiffs' amendments meet the liberal standards of Rule 15(a) and Defendants cannot demonstrate undue delay, dilatory motive, undue prejudice to them or futility.**

**a.   Defendants cannot demonstrate undue delay or dilatory motive.**

As we have seen, under the well-established standards of Rule 15(a), leave to amend should be freely given unless Defendants can demonstrate undue delay, dilatory motive, undue prejudice to them or futility.  Plaintiffs' compliance with the more stringent good cause standard of Rule 16(b)(4) clearly means that Defendants cannot establish undue delay or dilatory motive. Defendants' opposition letter of May 18, 2016, claiming lack of diligence and undue delay, is a

---

[1] Defendants refusal to produce documents includes documents concerning Phase Construction, SL and La Barca that were all requested by Plaintiffs in their document requests of December 28, 2015, which were so ordered by the Court.  On May 20, 2016, Defendants refused to meet and confer with Plaintiffs to attempt to resolve their discovery disputes, to which Plaintiffs responded on May 24, 2016, that they will be making a motion to compel and for sanctions.  Plaintiffs intend to file a pre-motion request for a conference with the Court.  However, Plaintiffs believe that it would be more efficient for the Court to have this Motion and the Proposed Amended Complaint before it when considering the discovery issues.

wholly inaccurate and meritless statement that Plaintiffs reliance on *Paradigm* is misplaced because it applies "Delaware specific law." (Doc. No. 60). Defendants make the further and equally meritless objection that because Defendants were in possession of documents referencing Phase NY on March 7, 2016, they have somehow not been diligent, notwithstanding that Plaintiffs have demonstrated that they did not obtain evidence of Phase NY's separate incorporation until Ms. Dima's deposition of March 31, 2016. As set forth above, Plaintiffs' timeline for this motion is clearly within the *Paradigm* timeline and so there is no question that Defendants cannot demonstrate undue delay or dilatory motive as justification for denying the amendments. Furthermore, mere delay, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend. *Block v. First Blood Associates,* 988 F.2d 344, 350 (2d. Cir. 1993). *See also On Track Innovations,* 2014 U.S. Dist. LEXIS 12960 at * 6 (citing cases allowing amendments ranging from twenty months to seven years after filing of the original complaint in absence of undue prejudice).

### b. Defendants cannot demonstrate undue prejudice or futility.

Defendants' opposition letter of May 18, 2016 sets forth no facts that demonstrate that they will be unduly prejudiced or that the Phase NY amendments are futile. Indeed, albeit they recite the standard, they do not claim either undue prejudice or futility. Similarly, at the April 14, 2016 status conference, Defendants made no claim that they would be unduly prejudiced by the addition of La Barca as a Defendant or that the amendment would be futile. Under the facts and circumstances of this case, Defendants cannot show either undue prejudice or futility.

In deciding whether undue prejudice exists, courts should consider whether the new claims would require the opposition to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute. *On Track Innovations,* 2014

U.S. Dist. LEXIS 12960 at *6. Defendants cannot possibly make either claim when it comes to the LaBarca amendment because the discovery requests so ordered by this Court on December 28, 2015, and ordered again by the Court on January 28, 2016 in rejecting all of Defendants' objections, cover all of the veil piercing issues raised by the La Barca related amendments to the Complaint, including but not limited to allegations concerning La Barca's domination of the corporation, the failure to observe corporate formalities, undercapitalization, transfers of funds and loans between the companies and from the companies to La Barca. (Compare Proposed Amended Complaint, ¶¶ 63 to 87 and Document 27, ¶¶ Request Nos.: I.A.1, 2, 3, 4, 5, 6, 7, and II.A.1, 2, by way of example and not limitation.) Furthermore, the La Barca amendment adds no new theory of recovery, as veil piercing and alter ego theories have been at the heart of this case from the beginning, as the Court recognized in ordering the discovery sought by Plaintiffs' Requests of December 28, 2015, which included veil piercing evidence that would implicate La Barca. Indeed, at the status conference of December 9, 2015, that preceded the December 28, 2015 Requests, undersigned counsel specifically alerted the Court and Defendants' counsel that Plaintiffs believed that they may have the basis for a veil piercing claim against La Barca himself. (Doc. No. 23, 14:18-14:21).

Similarly, as set forth in Plaintiffs' letter of May 12, 2016, the addition of Phase NY creates no potential for undue prejudice, as it too adds no new theory of recovery. As Plaintiffs pointed out, Phase NY has not been in existence for long, so that additional document production is not likely to prove burdensome. Defendants make no effort to controvert this in their opposition of May 18, 2016. (Doc. No. 60). Moreover, Defendants have been aware since the inception of this case that alter ego and single employer claims are at the heart of the case and have been on constructive notice that Phase NY documents are relevant to the action. Moreover, a fair reading

of Plaintiffs' document request to date demonstrates that they already covered Phase NY and that Phase NY documents should have been produced.   For example, the Requests to Phase Construction for all documents concerning customers of Phase would encompass any Phase Construction documents referencing Phase NY jobs for the same customer.   Indeed, Defendants have already recognized that, having provided some documents signed by Phase Construction and Phase NY covering jobs performed in 2015 and 2016 ostensibly by Phase NY for which Phase Construction received payment.   (Ex. A to Doc. No. 58, Pl. Pre-Motion Letter of 5.12.16).

In deciding whether amendments are futile, the Court must ask if the proposed amendments will be able to withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6).   The court applies the same analysis in determining futility as it does in deciding Rule 12(b)(6) motions.   *Paradigm*, 2013 U.S. Dist. LEXIS 62602 at *3.   To survive a motion to dismiss, Plaintiffs must plead sufficient facts "to state a claim for relief that is plausible on its face."   *Id*.   "A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id*. at *4 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).   In reviewing the Proposed Amended Complaint "through the prism of a Rule 12(b)(6) analysis, [the Court must accept] as true all of the proposed complaint's factual allegations and draw all reasonable inferences in favor of the plaintiff."   *On Track Innovations*, 2014 U.S. Dist. LEXIS 12960 at *10 (citing *Amaya v. Roadhouse Brick Oven Pizza, Inc*., 285 F.R.D. 251,153 (E.D.N.Y. 2012)).

There can be no question that the Plaintiffs' veil piercing amendments concerning La Barca allege sufficient facts giving rise to a plausible claim of liability.   Piercing the corporate veil in an action arising under ERISA is a question of federal substantive law, though state law may be used as a reference guide.   *Goldberg v. Colonial Metal Spinning and Stamping Co*., No. 92 Civ. 3721,

1993 U.S. Dist. LEXIS 12732, at *12 (S.D.N.Y. 1993).  Indeed, ERISA is less deferential to corporate form than alter ego doctrine may be in state law.  *Id.*  Furthermore, the Second Circuit has noted that, under New York law, a claim of liability may be predicated upon control by the dominating entity or individual that leads to a wrong against third parties.  *Id.*  at *20 (citing *Wm. Passalacqua Builders v. Resnick Developers*, 933 F.2d 131 (2d. Cir. 1990)).  The amendments allege precisely the factors found in *Passalacqua,* including the intermingling of assets among the corporate entities and between the individual and the entities, the lack of management formalities and the domination of the corporation by the individual.  *See Wm. Passalacqua Builders,* 933 F.2d at 137-39.  They allege concrete facts concerning La Barca's domination of the companies for personal purposes, including but not limited to facts demonstrating: La Barca's siphoning of funds from the Defendant corporations through loans to himself, withdrawals of corporate funds and use of corporate credit cards for personal expenses; the absence of loan agreements, interest payments, or loan repayments; his complete disregard of corporate formalities, including transfers of corporate funds without regard to the business purpose of the company that is the source of the payments, the absence of properly functioning officers and directors, and his control over the decisions as to which creditors to pay and in what order, all occurring from 2008 to 2013, while Defendants were failing and refusing to pay their obligations under the Union Agreement for contributions to the Plaintiff Funds and for union dues and PAC remittances.  Thus, the allegations demonstrate that LaBarca's conduct caused actual harm to the Plaintiffs and sufficiently allege causes of action for abuse of the corporate form.

Similarly, Plaintiffs' allegations concerning Phase NY sufficiently allege concrete facts that Phase NY is a single entity with or successor to Phase Construction and SL, and is jointly and severally liable with them for their own and Phase NY's obligations under the Union Agreement.

As foreshadowed in Plaintiffs' pre motion letter of May 12, 2016, Plaintiffs are able to plead facts sufficient to state a plausible alter ego or single employer claim against Phase NY. The amendments allege concrete facts that in this Circuit are indicia of a continuing enterprise, including but not limited to: that Phase NY uses the same location, performs the same work covered by Plaintiffs' Union Agreement and has the same business purpose and customers as Phase Construction. See *Romita v. Anchor Tank Line*, *LLC*, No. 11 Civ. 9641, 2014 U.S. Dist. LEXIS 37621, at *17 (S.D.N.Y. 2014). Moreover, the assertion by Defendants' counsel at the status conference of April 14, 2016 that the existing company or companies may be "out of business" supports Plaintiffs' theory that Phase NY was established after this action commenced to replace SL and/or Phase Construction and avoid their obligations under the CBA. The opposition letter of May 18, 2016, makes no attempt to controvert Plaintiffs' demonstration that the proposed Phase NY amendment would not be futile. (Doc. No. 60). [2]

Hence, the very specific and concrete allegations of Plaintiffs' amendments establish that Defendants cannot meet their burden of showing that either amendment is futile.

**c.  Plaintiffs meet the standards for joinder.**

As we have discussed above, in deciding whether to permit joinder under Rule 21, the courts apply the same standard of liberality afforded to motions to amend under Rule 15(a). *Chen*, 2016 U.S. LEXIS 61691 at *2.

Under Rule 20, Defendants may be joined if the claims against them arise "out of the same transaction, occurrence or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20 (a) (2). *Almazo,* 2015 U.S.

---

[2] Since then, Plaintiffs have received from the Secretary of State a copy of Phase NY Certificate of Incorporation, which demonstrates that its business purpose is, like that of SL and Phase Construction, to provide a wide range of construction services.

Dist. LEXIS 152698 at *12.  In the instant case, there is no question that Plaintiffs satisfy the requirements of Rule 20.  The new claims are that the prospective defendants La Barca and Phase NY are liable for the failure to properly compensate laborers covered by the Union Agreement, by payment of contractually required fringe benefits, dues and PAC remittances during the laborers' employment with the Defendants' construction business pursuant to ERISA.  The issues of the laborers' hours worked and their coverage under the Union Agreement are common to all defendants.  *See e.g.*, *Michalow*, 2012 U.S. Dist. LEXIS 185362 at *6.

   **d.   The La Barca amendments relate back to the date of the original complaint.**

   In determining if the amendment adding La Barca as a Defendant relates back to the date of filing of the original Complaint, so as to make him liable for monies owed from 2008 to 2010 as well as from 2010 forward, the Court must determine if the claims arise out of the same conduct, transaction or occurrence, and if within the time limit for service of the original complaint the new party (i) received such notice of the action that it will not be prejudiced in defending on the merits and (ii) knew or should have known that the action would have been brought against it but for a mistake concerning the proper party's identity.  Fed. R. Civ. P. 15(c) (1) (C).  See *Almazo*, 2015 U.S. Dist. LEXIS 152698 at *12 (citing *Michalow*, 2012 U.S. Dist. LEXIS 185362 at *19-20).  As we have discussed above, the claims against La Barca unquestionably arise out of the same transactions and occurrences as the claims against the original corporate defendants, namely the employment of laborers doing covered work under the Union Agreement, to which SL and Phase Construction are both bound in writing and by virtue of alter ego and single employer status.  There is also no question that as the sole owner and president of the corporate defendants, La Barca received notice of the action within the time limit for service of the original Complaint.

19

As for the "mistake concerning the proper party's identity," it is well established in this Court that "mistake" under the Supreme Court's decision in *Krupski* includes lack of knowledge regarding the conduct or liability of that party. *Almazo,* 2015 U.S. Dist. LEXIS 152698 at \*15, citing *Michalow*, 2012 U.S. Dist. LEXIS 185362 at \*19-20. (See Part 2(b), *supra*, at pp. 7 to 9). In the context of this case, Plaintiffs have alleged sufficient facts to demonstrate that La Barca and the corporate Defendants are so closely related in their business operations that institution of the action against the corporate Defendants provided notice to La Barca. Plaintiffs have clearly made a sufficient showing of identity of interest between the corporate Defendants and La Barca as owner and chief executive officer to have satisfied the notice requirement.

No analysis under Rule 15(c) is necessary with respect to the addition of Phase NY; for purposes of Rule 15(c), Plaintiffs' amendment is a Supplemental Pleading under Rule 15(d), as it arises out of events occurring after the action commenced, namely the establishment of Phase NY in November 2015.

As a result, the Court must find that Plaintiffs amendments relate back to 2008 and impose joint and several liability on all Defendants, including La Barca and Phase NY for the past due delinquencies, PAC and dues obligations effective January 14, 2008.

## IV

## CONCLUSION

It is respectfully submitted that it would be an abuse of this Court's discretion to deny Plaintiffs' Proposed Amended Complaint adding Defendants Salvatore La Barca and Phase NY, as Plaintiffs have met all requirements for their amendment under Rules 16 (b) (4) 15(a) (c) and (d), 20 and 21 and Defendants cannot satisfy their burden to demonstrate a reason under Rule 15 to deny the amendments.

Dated: New York, New York
       May 27, 2016

                Respectfully submitted

                GORLICK, KRAVITZ
                & LISTHAUS, P.C.

By: _____
                Barbara S. Mehlsack
                Clark A Binkley
                17 State Street, 4th Floor
                New York, New York 10004
                bmehlsack@gkllaw.com
                Tel. (212) 269-2500
                Fax (212) 269-2540
                *Attorney for Plaintiffs*

21