UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MASON TENDERS DISTRICT COUNCIL OF
GREATER NEW YORK, MASON TENDERS
DISTRICT COUNCIL WELFARE FUND, PENSION
FUND, ANNUITY FUND, TRAINING FUND,
HEALTH AND SAFETY FUND, and JOHN VIRGA,

Plaintiffs,

- against -

PHASE CONSTRUCTION SERVICES, INC., and SL
CONSTRUCTION GROUP, INC.,

Defendants.

**OPINION AND ORDER**

14 Civ. 6016 (ER)

Ramos, D.J.:

Before the Court is an application for attorneys' fees and costs submitted by Plaintiffs Mason Tenders District Council of Greater New York, Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, Training Fund, Health and Safety Fund and John Virga. Doc. 90.

On November 30, 2016, the Court issued an Opinion and Order granting Plaintiff's motions to amend the Complaint and to compel discovery.[1] Doc. 77. With respect to the motion to compel, the Court noted that it had extended multiple discovery deadlines, settled several discovery disputes, and ordered Defendants to comply with discovery orders on numerous occasions. *See e.g.*, Docs. 21, 22, 27, 36, 40, 49. Plaintiffs had also made repeated requests for discovery, which Defendants had disregarded. The Court found that Plaintiffs' counsel had

---

[1] In addition to the motion to compel, Plaintiffs made a motion for sanctions for Defendants' failure to comply with the Court's discovery orders. *See* Doc. 73. After granting Plaintiffs' motion to compel and award attorneys' fees and costs associated with making the motion, the Court held that no further sanctions were appropriate at the time. Doc. 77, at 26.

made a good faith effort to obtain the information in its discovery requests prior to filing the motion to compel and that Defendants' objections – which the Court had previously denied – and their nondisclosure was not justified. Doc. 77, at 26. Consequently, the Court granted Plaintiffs' motion for attorneys' fees and costs. *Id.*

On January 9, 2017, Plaintiffs submitted their application for attorneys' fees and costs, along with billing records detailing the time spent by each biller and the amount of fees requested. Docs. 91, 92. On January 18, 2017, Defendants filed their opposition to the application, arguing that the amount sought was not adequately supported or explained by Plaintiffs' supporting documents. Doc. 93.

Plaintiffs seek to recover a total of $15,092.50, comprised of $14,552.50 in attorneys' fees for 85.7 hours of work and $540.00 in paralegal fees for 9 hours of work. In support of their application, Plaintiffs attach the affirmation of Barbara S. Mehlsack, a partner at the law firm of Gorlick, Kravitz & Listhaus, P.C. ("Gorlick"). Doc. 91. Mehlsack has forty years of experience as an attorney in the private sector, including approximately twenty-six years representing employee benefit funds and labor organizations in ERISA and labor-related litigation. *Id.* at ¶ 13. Mehlsack's hourly billing rate is $225 and she expended a total of 38.4 hours. Clark A. Binkley, a junior associate at Gorlick with one year of experience, worked for a total of 47.3 hours at an hourly billing rate of $125. The Court finds that given the experience level of the attorneys, and the hourly rates charged by comparable attorneys who practice in New York, these hourly rates are reasonable. Counsel attaches billing invoices for the period from April through August 2016. *Id.* at Ex. A.

Defendants make three objections to Plaintiffs' application: (1) that Plaintiffs' counsel failed to differentiate between their fees for the motion to amend and the motion to compel and that counsel improperly seeks fees for pre-motion efforts, "including regular discovery;" (2) that the attorneys' fees should be reduced because the billing records show duplicative work and excessive motion preparation; and (3) that the billing records included "block" entries and were too vague to adequately describe the work performed. Rex Whitehorn's Affirmation in Opposition to Plaintiffs' Fee Application ("Whitehorn Aff.") (Doc. 93).

The Court finds that Mehlsack's affirmation and the attached billing records properly pertain to counsel's efforts related to discovery, not the filing of the motion to amend. With few exceptions, the entries in the invoices all contain an explicit reference to discovery or the motion to compel. The entries without an explicit reference, provide that work was done for a "motion" or "memorandum." These entries – all with August dates– can be assumed to refer to the motion to compel filed in August because the motion to amend was filed on June 2, 2016 and fully briefed by early July. Moreover, Defendants do not cite to – and the Court cannot find – any authority for the proposition that Plaintiffs were required to attach the billing records for the motion to amend.

Defendants are nevertheless correct that Plaintiffs are entitled only to the reasonable expenses "incurred in making the motion." Fed. R. Civ. P. 37(a)(5)(A); *see also Spirit Realty, L.P. v. GH&H Mableton, LLC*, No. 15 Civ. 5304 (GWG), 2017 WL 36364, at *3 (S.D.N.Y. Jan. 2, 2017) ("The Court notes further that plaintiff is entitled only to its reasonable expenses "in making the motion," Rule 37(a)(5)—not for expenses relating to its communications with defendant regarding the discovery dispute before the motion was made."). This is especially true

here, where the Court already considered Defendants' failure to comply with the Court's discovery orders and found that sanctions pursuant to Rule 37(b)(2)(C) – which would allow for broader recovery – were not appropriate. Accordingly, Plaintiffs are only entitled to the fees and costs incurred for work on the pre-motion letter and filing the motion to compel, completed between June and August 2016. *See generally*, *Luciano v. Olsten Corp.*, 109 F.3d 111, 117 (2d Cir. 1997) ("[A] district court can exclude excessive and unreasonable hours from its fee computation by making an across-the-board reduction in the amount of hours.").

The Court also finds that Plaintiffs' billing records do not reflect duplicative efforts or excessive motion preparation. "If a court finds that the fee applicant's claim is excessive, or that time spent was wasteful or duplicative, it may decrease or disallow certain hours." *Auscape Int'l v. Nat'l Geographic Soc'y*, No. 02 Civ. 6441 (LAK) (HBP), 2003 WL 21976400, at *2 (S.D.N.Y. Aug. 19, 2003), *aff'd sub nom. Auscape Int'l v. Nat. Geographic Soc'y*, No. 02 Civ. 6441 (LAK), 2003 WL 22244953 (S.D.N.Y. Sept. 29, 2003). Here, only two attorneys worked on the pre-motion letter, the motion, and responses: one partner and one first-year associate. Plaintiffs' pre-motion letter in anticipation of its motion to compel consisted of a four-page letter motion and over 100 pages of relevant exhibits. Doc. 67, Exs. A-G. The actual motion to compel (and for sanctions for Defendants' failure to comply with the discovery order and requests) was accompanied by a twenty-eight page memorandum and fourteen exhibits totaling 155 pages. Plaintiffs' reply memorandum – which the billing records indicate was drafted by Mehlsack – consisted of a total fourteen pages (ten substantive pages as required by this Court's Individual Rules). The Court finds that the time expended by Mehlsack, Binkley, and the paralegals – as reflected by the billing records – to draft and prepare these documents was reasonable.

Lastly, the entries in Plaintiffs' billing records are not block entries and are not improperly vague. Each entry describes one general task and sufficiently characterizes the work undertaken by the attorney or paralegal.

Accordingly, the Court finds an appropriate award of attorneys' fees and expenses is $13,194.50—which deducts the $1,898 billed for work completed prior to Plaintiffs filing of the pre-motion letter in anticipation of the motion to compel. The Court, therefore, GRANTS Plaintiffs' request for attorneys' fees and expenses in the amount of $13,194.50.

The Clerk of the Court is respectfully directed to terminate the motion, Doc. 90. It is SO ORDERED.

Dated:    April 20, 2016
            New York, New York

Edgardo Ramos, U.S.D.J.