UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MASON TENDERS DISTRICT COUNCIL OF
GREATER NEW YORK, MASON TENDERS
DISTRICT COUNCIL WELFARE FUND,
PENSION FUND, ANNUITY FUND, TRAINING
FUND, HEALTH AND SAFETY FUND, and
JOHN J. VIRGA, as funds' Director,

**OPINION AND ORDER**

Plaintiffs,

14 Civ. 06016 (ER)

-against-

PHASE CONSTRUCTION SERVICES, INC., SL
CONSTRUCTION GROUP, INC., SALVATORE
LABARCA, and PHASE NY, INC.,

Defendants.

Ramos, D.J.:

Before the Court is a motion for entry of judgment and for an order awarding fees and costs. Doc. 111. For the reasons set forth below, the motion is DENIED.

**I. BACKGROUND**

Salvatore LaBarca ("LaBarca") is the Chief Executive Officer and President of SL Construction Group, Inc. ("SL") and Phase Construction Services, Inc. ("PCS"). Compl. (Doc. 1) ¶¶ 9, 11. SL and PCS maintained offices in the same building, used the same telephone number, and provided similar construction related services to the greater New York area. *Id.* at ¶¶ 8, 10, 12, 13. On November 8, 2005, SL entered into the 2005-2008 Mason Tenders District Council of Greater New York Independent Collective Bargaining Agreement (the "CBA") with Mason Tenders District Council of Greater New York (the "Union"). *Id.* at ¶ 14. The CBA required SL to make contributions to the Union and to the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, Training Fund, and Health and Safety Fund

(together, the "Funds"). *Id.* at ¶ 15. The CBA provided that, if SL, its owner, or its principal "forms or acquires by purchase, merger or otherwise an interest . . . in another company performing bargaining unit work within this jurisdiction, this Agreement shall cover such other operation and the Employer and such other company shall be jointly and severally liable for each Other's obligations under the Agreement." *Id.* at ¶ 19. The CBA remains "in effect year-to-year after its initial term unless either Party provides the other Party with written notice." *Id.* at ¶ 16. Neither party has provided written notice to terminate the CBA. *Id.* at ¶ 17. At least twice, LaBarca has confirmed in written agreements with the Union or its affiliates that SL and PCS are "a single employer for the purposes of the" CBA. *Id.* at ¶¶ 23, 24.

On August 1, 2014, the Union and the Funds ("Plaintiffs") sued SL and Phase Construction Services, Inc. ("PCS") for breaching the CBA by refusing to allow Plaintiffs to inspect SL's and PCS's business records and by failing to make payments required by contractual and statutory law. Compl. (Doc. 1). Defendants answered, Doc. 10, and the Court entered a Discovery Plan and Scheduling Order, Doc. 14. During discovery, a number of disputes developed.

On May 8, 2015, SL and PCS ("Defendants") represented to Plaintiffs that Defendants stored all of their business records in a particular warehouse but when Plaintiffs inspected the warehouse they failed to discover any records from 2014 or 2015. Memorandum of Law in Support of Plaintiffs' Motion to Compel and for Sanctions ("Pl. Compel Memo.") (Doc. 74) Ex. I, ¶ 3–6. In an October 1, 2015 deposition, LaBarca acknowledged that the relevant 2014 and 2015 records were "somewhere" but did not provide specifics. *Id.* Ex. M. In an October 22, 2015 letter, Plaintiffs reiterated their request to review Defendants' business records and indicated their willingness to "contact the Court if needed." *Id.* Ex. N, 3. Subsequently,

2

Plaintiffs requested leave to file a motion to compel discovery and the Court directed the parties to file a joint case management plan. Transcript of Dec. 9, 2015 Status Conference (Doc. 23), 25. The Court reserved decision on the motion to compel discovery. *Id.* at 26. The parties were unable to file a joint case management plan (Doc. 25) and, instead, filed competing plans, (Docs. 25–26). On December 28, 2015, the Court granted the Plaintiffs' discovery plan, Doc. 28, and allowed discovery to continue until April 11, 2016. Doc. 52.

During discovery, Plaintiffs learned that Defendants had begun transferring large sums of money to Phase NY ("PNY"), another construction company with LaBarca listed as the president. Indeed, between February 8 and 11, 2016, PCS and SL transferred a total of $125,000 to PNY. Doc. 112-11 (Ex. K).

At an April 14, 2016 status conference, Plaintiffs indicated that (a) "we do not have documents for the period December 30, 2013 through to the present of virtually any kind;" (b) the CBA would "automatically" cover PNY; and (c) they will seek to amend the complaint "to add Mr. LaBarca as a defendant, because we have found he has been siphoning assets," Doc. 53, 2, 7, 4.

On May 27, 2016, Plaintiffs moved to amend their complaint to add LaBarca and PNY as defendants, Doc. 64; and, on August 3, 2016, Plaintiffs moved to compel "Defendant Corporations" to produce the outstanding discovery materials. Docs. 73–74. On November 30, 2016, the Court granted the motions to amend and to compel. Doc. 77. Pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure, the Court awarded Plaintiffs reasonable expenses incurred in making the motion to compel. *Id.* at 25. Shortly thereafter, Plaintiffs made a fee application, Doc. 90, and the Court granted it for the most part, deducting only those

3

amounts billed for work completed prior to Plaintiffs filing of the pre-motion letter in anticipation of the motion to compel.  Doc. 98.

Between October 24, 2017, and December 4, 2017, Plaintiffs sent two letters and one email to Defendants to request Defendants to pay the attorneys' fees and costs awarded by the Court.  Doc. 112-4, 2 (Ex. D), Doc. 112-5 (Ex. E), and Doc. 112-6 (Ex. F).  On December 13, 2017, Plaintiffs wrote the Court to request a pre-motion conference to discuss "entering judgment for Plaintiffs in the amount of the attorneys' fees awarded to them previously by the Court's Order" and "awarding Plaintiffs their attorneys' fees and costs associated with bringing this motion."  Doc. 112-7 (Ex. G).

At a December 19, 2017 hearing, Plaintiffs informed the Court that Defendants had not paid the award and that they sought to move to enter a judgment.  112-3 (Ex. C), 14–15. Defendants' counsel, Rex Whitehorn, explained his clients' noncompliance by noting that "the entities are out of business."  *Id.* at 15.

In instant motion, Plaintiffs move for (a) an entry of a separate judgment document pursuant to Fed. R. Civ. P. 58(d) jointly and severally against PCS, SL, PNY, and LaBarca in the amount of $13,194.50 for attorneys' fees and costs previously awarded by Order of the Court dated April 21, 2016; and (b) an order awarding Plaintiffs the attorneys' fees and costs incurred in moving to enforce the Fee Award.  Doc. 111.

### III.  DISCUSSION

The Court denies Plaintiffs' motion for entry of a judgment in a separate document. Under Rule 58(d), "A party may request that judgment be set out in a separate document as required by Rule 58(a)."  Fed. R. Civ. P. 58(d).  Rule 58(a) provides, "Every judgment and amended judgment must be set out in a separate document, but a separate document is not

4

required for an order disposing of a motion: . . . . (3) for attorney's fees under Rule 54." Fed. R. Civ. P. 58(a). Rule 54 defines "Judgment" for the purposes of the Federal Rules of Civil Procedure and establishes the procedures for moving for attorneys' fees. Fed. R. Civ. P. 54. Within subsection (d)(2) of Rule 54, paragraphs (A) through (D) set forth the default procedures for seeking attorney's fees and paragraph (E) excludes "claims for fees and expenses as sanctions for violating these rules" from the default procedures described by paragraphs (A) through (D). Fed. R. Civ. P. 54(d)(2). Read together, "Rule 54, the rule on judgments, makes awards of attorneys' fees one type of judgment and Rule 58 designates it as a type of judgment for which a separate judgment document is not required." *Perez v. AC Roosevelt Food Corp.*, 744 F.3d 39, 41 (2d Cir. 2013) (quoting *Feldman v. Olin Corp.*, 673 F.3d 515, 517 (7th Cir. 2012)). Therefore, as a general matter, parties may not move for entry of a separate judgment document on an award for attorney's fees pursuant to Rule 58(d) because that Rule only allows parties to move for the entry of a separate judgment document "as required by Rule 58(a)" and because 58(a) exempts awards of attorney's fees from the separate judgment document requirement. *See, e.g.*, *Keshner v. Nursing Pers. Home Care*, 747 F.3d 159, 161 (2d Cir. 2014) (noting that the district court cited Fed. R. Civ. P. 58(a)(3) to justify its decision to deny a request to enter a separate judgment document based on a fee award).

District Courts have divided on whether this general rule applies to fee awards based on sanctions as opposed to fees awards based on the general procedures outlined in paragraphs (A) through (D) of Rule 54(d)(2). In *Burgie v. Euro Brokers, Inc.*, the district court entered a separate judgment on a motion for attorney's fees and observed that "Courts routinely enter judgment in the amount of sanctions when an attorney fails to satisfy the amount of the sanction award, even when the overarching litigation is not yet terminated." 05-CV-0968 (CPS) (KAM),

2008 WL 4185701, at *8 (E.D.N.Y. Sept. 8, 2008) (citing *Caidor v. Fed-Ex Home Delivery*, 03-CV-1163 (FJS) (GJD), 2007 WL 2693609, at *6 (N.D.N.Y. Sept. 11, 2007) and *Knipe v. Skinner*, 91-CV-1338, 1993 WL 241329, at *1 (N.D.N.Y. June 25, 1993) as examples of this generalization).

In *United States v. Business Recovery Services, LLC,* however the district court found *Burgie* unpersuasive. 11-CV-0390 (PHX) (JAT) 2012 WL 3064253 (D. Ariz. July 26, 2012). In that case, a plaintiff moved for a preliminary injunction and then for a contempt order after the defendant violated the preliminary injunction. *Id.* The district court granted both motions and awarded the plaintiff attorney's fees to sanction the defendant in the contempt proceedings. *Id.* The contemnor refused to pay and the plaintiff moved under Rule 58(d) for entry of a separate judgment document under Rule 58(d). *Id.* The court denied the motion because Rule 58(d) allows parties to seek to enter separate judgment documents if required by Rule 58(a) and because Rule 58(a) does not require courts to enter in separate judgment documents when deciding motions for attorney's fees, even as sanctions. *Id.*

On this specific topic, the parties have not brought any authoritative cases to the Court's attention and the Court has not come across any in its independent research. In the absence of precedent, the Court holds that Rule 58(a)'s reference to "motions for attorney's fees under Rule 54" applies to all motions for attorney's fees, even those arising from sanctions, because "Rule 54, the rule on judgments, makes awards of attorneys' fees one type of judgment and Rule 58 designates it as a type of judgment for which a separate judgment document is not required." *Perez*, 744 F.3d at 41 (citing *Feldman v. Olin Corp.*, 673 F.3d 515, 517 (7th Cir. 2012)).[1]

---

[1] The Court reads little significance into the drafters' decision to exempt "a motion for attorney's fees under Rule 54" instead of "a motion for attorney's fees." As the Seventh Circuit held in *Feldman v. Olin Corp.*, "Rule 58

Because Rule 58(d) only allows parties to move for a separate judgment document as required by 58(a) and because Rule 58(a) does not require a separate judgment document for any award of attorney's fees and costs, even one involving sanctions, the Court finds that it lacks the power to enter a separate judgment document pursuant to a Rule 58(d) motion. Therefore, the Court denies Plaintiffs' motion for entry of a separate judgment document, its request to enter this separate judgment document against PNY and LaBarca, and its plea for attorney's fees and costs in making the motion.

Plaintiffs claim, "Absent entry of judgment, the party obtaining the award would be precluded from enforcement and any deterrent effect of the sanctions would be rendered null and void." Memorandum of Law in Support of Plaintiffs' Motion for Entry of Judgment and for an Award for Fees and Costs (Doc. 113), 4–5. The Court does not share this concern: The Court ordered Defendants to pay Plaintiffs $13,194.50 in attorney's fees and costs and "There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966). The Federal Rules of Civil Procedure do provide for discovery sanctions, like those imposed by the Court, but these rules do not limit the Court's inherent powers. As the Second Circuit ruled in a case involving another discovery dispute, "[T]he fact that there may be a statute or rule which provides a mechanism for imposing sanctions of a particular variety for a specific type of abuse does not limit a court's inherent power to fashion sanctions, even in situations similar or identical to those contemplated by the statute or rule." *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 136 (2d Cir. 1998). As a result, if Plaintiffs believe that they can show "by clear and

---

should not be read to mean that some motions for awards of attorneys' fees are 'under' Rule 54 and others are 'under' something else." 673 F.3d 515, 517 (7th Cir. 2012).

convincing evidence that" Defendants "violated the district court's edict," "a contempt order is warranted" and the Plaintiffs should move for one. *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995). A Rule 58(d) motion for entry of a separate judgment document is not a substitute for a motion to hold a party in contempt.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for entry of judgment and for an order awarding fees and costs is DENIED. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 111.

It is SO ORDERED.

Dated: September 27, 2018
       New York, New York

                                                  Edgardo Ramos, U.S.D.J.